# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **ID No. 1411002179** |
| | ) | |
| CHARLES R. COLBURN, | ) | |
| Defendant. | ) | |

Submitted: April 9, 2020
Decided: July 8, 2020

## ORDER DENYING THIRD MOTION TO REDUCE SENTENCE

This 8th day of July, 2020, upon consideration of the Defendant's

Motion for Sentence Reduction (D.I. 30 and 31[1]), and the record in this matter,

it appears to the Court that:

(1) On January 7, 2015, Charles R. Colburn pleaded guilty to Drug

Dealing – Heroin (as a class B felony), Possession of a Firearm During the

Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person

Prohibited ("PFBPP"), admitted to a then-pending violation of probation at a

fast-track violation of probation ("VOP") calendar,[2] and joined with the State

---

[1] Mr. Colburn docketed his current motion for sentence reduction on April 9, 2020. (D.I. 30). A month later, he docketed a duplicate with a note that he realized he had overlooked the requirement to serve the application on the Department of Justice and wanted to ensure he did so. (D.I. 31). In turn, this order disposes of both filings.

[2] *See Perry v. State*, 741 A.2d 359, 361 n.3 (Del. 1999) ("The Delaware Superior Court [ ] places a VOP case on the 'fast track' calendar when the violator has been charged with new crimes.") Mr. Colburn was on that calendar because he was serving a probated sentence for his 2012 aggravated drug possession conviction when he committed this new

on a sentencing recommendation.[3] He did so in exchange for dismissal of the remaining charges and the favorable joint sentencing recommendation (the State's withholding of an habitual criminal petition[4] and request for nine years unsuspended imprisonment).[5] Mr. Colburn was immediately sentenced to serve: (1) PFDCF – five years at Level V; (2) PFBPP – two years at Level V; and (3) drug dealing – 25 years at Level V suspended after serving two years for diminishing levels of supervision and intensive probation.[6] The first seven years of his cumulative sentence are comprised of minimum terms of incarceration that must be imposed and cannot be suspended.[7]

---

drug crime. *See* Sentencing Order, *State v. Charles R. Colburn*, ID No. 1202000065 (Del. Super. Ct. May16, 2013) (D.I. 24).

[3] Plea Agreement and TIS Guilty Plea Form, *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 7, 2015).

[4] DEL. CODE ANN. tit. 11, § 4214(a) (2014) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal offender; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[5] Plea Agreement, at 1 ("State and Defendant agree to recommend: a sentence incorporating a total of non-suspended Level Five time of nine years.").

[6] Sentencing Order, *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 7, 2015). Mr. Colburn was discharged from probation as unimproved for the companion VOP count in return for his plea agreement and sentencing in this matter. VOP Sentencing Order, *State v. Charles R. Colburn*, ID No. 1202000065 (Del. Super. Ct. Jan. 7, 2015) (D.I. 31).

[7] DEL. CODE ANN. tit. 11, §§ 1447A(c) & (d) (2014) ("A person convicted [of PFDCF], and who has been at least twice previously convicted of a felony in this State or elsewhere, shall receive a minimum sentence of 5 years at Level V . . . [and a]ny sentence imposed for a violation of this section shall not be subject to suspension . . ."); *id.* at tit. 16, § 4752(1)

(2)     Mr. Colburn filed no direct appeal from his convictions or sentence.  Instead, applications filed under Superior Court Criminal Rule 35(b) requesting reduction of his prison term ensued[8] and were denied.[9]

(3)     For instance, in March 2015 Mr. Colburn docketed his first motion under Superior Court Criminal Rule 35(b) requesting reduction of his cumulative nine-year Level V term by two years.[10]  In short, Mr. Colburn asked the Court to suspend the entire two years of imprisonment imposed for the PFBPP count.[11]  According to Mr. Colburn, his term of imprisonment

---

(2014); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[8]     Def.'s 1st Mot. to Reduce Sent., *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Del. Mar. 30, 2015) (D.I. 6); Def.'s 2nd Mot. to Reduce Sent., *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 16, 2018) (D.I. 27).  *See also* Def.'s Ltr., *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Aug. 15, 2019) (D.I. 29) (notifying Court of intent to request DOC to file a sentence reduction application under 11 *Del. C.* § 4217; docketed for informational purposed only).

[9]     Order Denying 1st Mot. to Reduce Sent., *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Apr. 24, 2015) (D.I. 7); Order Denying 2nd Mot. to Reduce Sent., *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 25, 2018) (D.I. 28).

[10]    *See* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion).

[11]    The drug dealing and PFDCF sentences cannot be reduced. *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).  Consequently, Mr. Colburn has never made an application regarding these terms of his sentence.

should have been reduced then because: (1) he was engaged in rehabilitative programming in prison and wished to start a non-profit organization when released; (2) he had family support for these efforts; (3) he believed he had employment opportunities when released; (4) he faced familial and personal hardship as a child and young person; and (5) this present term of imprisonment far exceeds any prior sentence he has served.[12] The Court considered that first Rule 35(b) motion on its merits and denied it.[13]

(4)    Mr. Colburn has now filed another Rule 35(b) motion to reduce his Level V sentence.[14] He again asks the Court to reduce his sentence by two years.[15] This time Mr. Colburn suggests the Court should do so by converting his two-year PFBPP Level V term to one year of home confinement.[16]

(5)    He argues the Court should grant the reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic.[17] Mr.

---

[12]  Def.'s 1st Rule 35(b) Mot., at 2 (D.I. 7).

[13]  *State v. Colburn*, 2015 WL 1881181 (Del. Super. Ct. Apr. 24, 2015).

[14]  Def. 3rd Rule 35(b) Mot. (D.I. 30 and 31). *See Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[15]  Def. 3rd Rule 35(b) Mot., at 2.

[16]  *Id.*

[17]  *Id.* at 1.

Colburn claims that such reduction will allow him to "move on to the next phase of life and resume his work ethic on society and lessen the burden on The State of Delaware's Department of Correction during this World Wide Pandemic we are faced with."[18]

(6) The Court may consider such a motion "without presentation, hearing or argument."[19] The Court will decide his motion on the papers filed and the complete record in Mr. Colburn's case.

(7) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[20]

(8) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[21] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must

---

[18] *Id.* at 2.

[19] Super. Ct. Crim. R. 35(b).

[20] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[21] *Redden,* 111 A.3d at 607 (internal citations omitted).

demonstrate "extraordinary circumstances."[22] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[23]

(9) The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[24] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[25] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual

---

[22] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[23] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[24] *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[25] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

circumstances that presents an urgent need for revision of the sentence's terms."[26]

(10) Mr. Colburn filed this motion more than five and a half years after he was sentenced. But his mere incantation of COVID-19 as a ubiquitous "health and economic [c]risis" presents no "extraordinary circumstances" under Rule 35(b). His blithe unadorned suggestion of "prison over crowding [sic] and unsafe housing conditions that [don't] allow social distancing" are simply inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[27] And to the extent Mr. Colburn offers his rehabilitative efforts as a means of gaining sentence review now, it is well-established such efforts don't constitute "extraordinary circumstances" under Rule 35(b).[28]

---

[26] *Id.*

[27] *E.g., State v. Roberts*, 2020 WL 3063957, at *2 (Del. Super. Ct. June 8, 2020) ("generalized suggestion" of inmate's "underlying (but unidentified) health conditions" and "his statement of anxiety" over COVID-19 do not establish "extraordinary circumstances" under Rule 35(b)); *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. Ct. June 3, 2020) (finding inmate's summary allegations of his medical conditions and vulnerability to COVID-19 do not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b)); *State v. Baker*, 2020 WL 2789703, at *1 (Del. Super. Ct. May 29, 2020) (inmate's mere suggestion of "his potential exposure to COVID-19 . . . has not set forth facts establishing 'extraordinary circumstances'").

[28] *State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden,* 111 A.3d at 607-08.

(11) But Mr. Colburn's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction.

(12) Also found in Rule 35(b) is a separate and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[29] As our Supreme Court and this Court have consistently held, Rule 35(b) strictly prohibits consideration of repetitive requests for sentence reduction.[30] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception, but the bar to repetitive motions has none.[31] No, this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[32] Mr. Colburn may have forgotten or ignored the repetitive-motion bar to consideration of his

---

[29] Super. Ct. Crim. R. 35(b) (emphasis added).

[30] *Culp*, 152 A.3d at 145 (Del. 2016); *Redden*, 111 A.3d at 608–09.

[31] *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d at 608–09.

[32] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

current Rule 35(b) motion. The Court cannot. And so, the Court must deny Mr. Colburn's Rule 35(b) motion on this basis alone.[33]

NOW, THEREFORE, IT IS ORDERED that Mr. Colburn's motion for reduction of sentence must be DENIED.

SO ORDERED this 8th day of July, 2020.

**Paul R. Wallace, Judge**

Original to Prothonotary

cc: Mr. Charles R. Colburn, *pro se*
 Brian J. Robertson, Deputy Attorney General
 Investigative Services Office

---

[33] *Culp*, 152 A.3d at 145; *Redden,* 111 A.3d at 608–09.